J-S61019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT WAYNE BROWN | |
| Appellant | No. 1296 MDA 2014 |

Appeal from the Judgment of Sentence of April 4, 2013
In the Court of Common Pleas of Cumberland County
Criminal Division at Nos.: CP-21-CR-0000029-2011
CP-21-CR-0003516-2010

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:              **FILED DECEMBER 08, 2015**

Robert Brown appeals the April 4, 2013 judgments of sentence. Contemporaneous with this appeal, Brown's counsel has filed with this court a petition to withdraw as counsel and an ***Anders/Santiago*** brief.[1]  Our review of the record reveals that the trial court sentenced Brown pursuant to 42 Pa.C.S. § 9718(a)(1), a mandatory minimum sentencing provision that this Court has since declared unconstitutional.  ***See Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa.

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

2015).[2]  Because we have identified a non-frivolous issue that entitles Brown to a new sentencing hearing, we deny counsel's petition to withdraw, vacate Brown's judgment of sentence, and remand for re-sentencing.

Brown's convictions arise from his sexual abuse of his grandchildren and step grandchildren.  On December 1, 2010, Brown was babysitting his granddaughters, T.W. (age three) and K.W. (age four).  When T.W. and K.W.'s mother, T.N., went to Brown's home in Newville, Pennsylvania to pick up the girls, she observed Brown with his pants unbuttoned and unzipped.  T.W. was standing between Brown's legs with her pants undone, and K.W. was facing the wall with her pants around her ankles.  T.N. immediately removed the children from Brown's home, and took them to Carlisle Regional Medical Center.

At the hospital, Joey Wisner, PA, examined the children and noticed three "warty lesions" near K.W.'s upper lip.  Notes of Testimony ("N.T."), 8/20/2012, at 173.  Wisner took external mouth swabs from both children, which Pennsylvania State Police Corporal Bryan Henneman took into evidence along with K.W.'s pants.  Laboratory testing later revealed the presence of seminal fluid on K.W.'s pants, and the swab from K.W.'s mouth

---

[2]    "This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." **Commonwealth v. Slocum**, 86 A.3d 272, 278 n.9 (Pa. Super. 2014) (citing **Dixon v. GEICO**, 1 A.3d 921, 925-26 (Pa. Super. 2010)).

contained spermatozoa. However, due to the breakdown and mixing of genetic material, the lab could not conclusively match those samples with Brown's DNA.

On the same evening, Corporal Henneman went to Brown's residence, identified himself, and asked to speak with Brown. Corporal Henneman was dressed in formal business attire. Corporal Henneman told Brown that he was not under arrest. Brown agreed to speak with Corporal Henneman, and invited him inside the home.

Corporal Henneman digitally recorded the audio of his ensuing conversation with Brown. In that conversation, Brown admitted that K.W. and T.W. had touched his penis on multiple occasions. He also stated that both K.W. and T.W. had performed oral sex on him, and that he had performed oral sex on K.W. on one occasion. Brown told Corporal Henneman that he had a wart-like growth on penis, but did not know what it was. At the conclusion of the interview, Corporal Henneman left Brown's home.

On December 2, 2010, Corporal Henneman arrested Brown and charged him with two counts each of involuntary deviate sexual intercourse ("IDSI"), IDSI with a child less than thirteen years of age, unlawful contact with a minor, sexual assault, indecent assault, indecent assault of a child

less than thirteen years of age, and corruption of minors.[3] Those charges were filed and docketed at CP-21-CR-3516-2010.

On December 6, 2010, Brown's step grandchildren, J.H. and M.H., after hearing about Brown's arrest and the sexual abuse allegations against him, reported to that police that Brown had sexually assaulted them as well.[4] On that same day, Corporal Henneman interviewed J.H. and M.H. J.H. told Corporal Henneman that, on multiple occasions when he was approximately ten to twelve years old, Brown performed oral sex on J.H. Brown also forced J.H. to perform oral sex on him. J.H. told Corporal Henneman that Brown had inserted his fingers, various sex toys, and his penis into J.H.'s anus.

M.H. corroborated her brother's allegations. She told Corporal Henneman that, on multiple occasions when she was approximately eight to ten years old, Brown performed oral sex on her. Brown also forced M.H. to perform oral sex on him. Brown penetrated M.H.'s vagina and anus with his fingers and with various sex toys. M.H. also told Corporal Henneman that, on one occasion, Brown inserted his penis into her anus. On December 9, 2010, Corporal Henneman filed a second criminal complaint, charging Brown

---

[3]    18 Pa.C.S. §§ 3123(a)(6), 3123(b), 6318, 3124.1, 3126(a)(1), 3126(a)(7), and 6301(a)(1), respectively.

[4]    J.H. and M.H. are siblings.

with rape of a child,[5] IDSI, IDSI with a child less than thirteen years of age, indecent assault, aggravated indecent assault,[6] unlawful contact with a minor, and corruption of minors.  Those charges were filed and docketed at CP-21-CR-29-2011.

On March 8, 2011, the Commonwealth filed notices of its intent to seek imposition of ten-year mandatory minimum sentences in the event that Brown was convicted of rape of a child and/or IDSI.  **See** 42 Pa.C.S. § 9718(a)(1) (providing that a person convicted of IDSI or rape when the victim is less than sixteen years of age shall be sentenced to a mandatory ten-year term of imprisonment).  The Commonwealth also filed notices of its intent to seek imposition of a five-year mandatory minimum sentence in the event that Brown was convicted of aggravated indecent assault of a child. **See id.** (providing that a person convicted of aggravated indecent assault when the victim is less than sixteen years of age shall be sentenced to a mandatory five-year term of imprisonment).

The Commonwealth consolidated Brown's cases for trial, which commenced on August 20, 2012.  On the morning of his trial, Brown filed a motion to suppress the inculpatory statements that he made to Corporal Henneman on December 1, 2010.  Therein, Brown argued that his

_____

[5]    18 Pa.C.S. § 3121(c).

[6]    18 Pa.C.S. § 3125.

confession was obtained in violation of **Miranda v. Arizona**, 384 U.S. 436 (1966), because Corporal Henneman did not advise Brown of his right to remain silent or his right to have an attorney present during the interview. Following a hearing immediately prior to jury selection, the trial court denied Brown's suppression motion.

On August 22, 2012, the jury convicted Brown on all charges. On April 4, 2013, the trial court sentenced Brown to an aggregate term of forty to one hundred and twenty years' imprisonment. Brown did not file a direct appeal.

On April 7, 2014, Brown filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. In his PCRA petition, Brown alleged that his attorney failed to file a timely direct appeal. On July 22, 2014, following a hearing, the PCRA court granted Brown's petition, and reinstated Brown's direct appellate rights.

On July 31, 2014, Brown filed a notice of appeal. On August 7, 2014, the trial court ordered Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Brown timely complied. On January 7, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Because counsel for Brown proceeds pursuant to **Anders** and **Santiago**, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of Brown's issues. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to

withdrawing as counsel under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**.  Pursuant thereto, the brief must provide the following information:

> (1)    a summary of the procedural history and facts, with citations to the record;
>
> (2)    reference to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    counsel's conclusion that the appeal is frivolous; and
>
> (4)    counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007). Finally, to facilitate our review of counsel's satisfaction of his obligations, he must attach to his petition to withdraw the letter that he transmitted to his client.  **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has complied with **Santiago**'s technical

requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. *See Anders* Brief for Brown at 3-6. Ultimately, counsel has concluded that Brown has no non-frivolous basis for challenging his convictions. *Id.* at 7. Counsel also has sent Brown a letter informing him that she has identified no meritorious issues to pursue on appeal, that he has filed an application to withdraw from Brown's representation, and that Brown may find new counsel or proceed *pro se*. Letter, 6/17/2015. Counsel has attached the letter to her petition to withdraw, as is required by *Millisock*.

Accordingly, counsel has complied substantially with *Santiago*'s technical requirements. *See Millisock*, 873 A.2d at 751. Having passed upon the procedural requirements under *Anders* and *Santiago*, we now must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any meritorious issues remain. *Santiago*, 978 A.2d at 354-55.

Counsel identifies four issues that arguably support this appeal.

1. The court erred in denying [Brown's] motion to suppress the statement made to troopers at his home on December 1, 2010.

2. The court erred in denying [Brown's] motion to exclude reference or evidence of a wart on the upper lip of K.W.

3. The court erred in denying [Brown's] motion to exclude DNA evidence obtained from the pants of K.W.

4. The evidence presented at trial was not sufficient to convict [Brown] of the above-captioned charges.

Brown's Concise Statement, 9/26/2014, at 2; *see Anders* Brief for Brown at 9-13.

We begin with the first appealable issue identified by *Anders* counsel.

> Our standard of review of an order denying a motion to suppress evidence is limited to determining whether the findings of fact are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Crompton*, 682 A.2d 286 (Pa. 1996); *Commonwealth v. Chambers*, 598 A.2d 539 (Pa. 1991). In making this determination, this [C]ourt may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. *Id.* If the evidence supports the findings of the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous. *Id.*

*Commonwealth v. Ellis*, 700 A.2d 948, 954 (Pa. Super. 1997) (citations modified).

It is a fundamental precept of constitutional law that a suspect subject to a custodial interrogation by police must be warned that he has the right to remain silent, that anything he says may be used against him in court, and that he is entitled to the presence of an attorney. *Miranda*, 384 U.S. at 469. If an individual is not advised of those rights prior to a custodial interrogation, any evidence obtained through the interrogation is inadmissible at trial. *In re K.Q.M.*, 873 A.2d 752, 755 (Pa. Super. 2005). The *Miranda* safeguards are triggered "whenever a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 292 (1980). Instantly, we focus our

discussion upon whether Brown was "in custody" for *Miranda* purposes at the time of his statement, because there is no doubt that Corporal Henneman's questioning constituted an interrogation. *Innis*, 446 U.S. at 292 (defining interrogation to include express questioning and its functional equivalent).

We have explained that an individual is in custody for *Miranda* purposes when he "is physically denied . . . his freedom of action in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by the interrogation." *K.Q.M.*, 873 A.2d. at 755 (citing *Commonwealth v. Williams*, 650 A.2d 420, 427 (Pa. Super. 1994)). "[T]he police officer's subjective intent does not govern the [custody] determination," instead we look to "the reasonable belief of the individual being interrogated." *Commonwealth v. Zogby*, 689 A.2d 280, 282 (Pa. Super. 1997). In order to ascertain the defendant's reasonable belief, the reviewing court must consider the totality of circumstances, including factors such as "the basis for the detention; the duration; the location; whether the suspect was transferred against his will, how far, and why; whether restraints were used; the show, threat, or use of force; and the methods of investigation used to confirm or dispel suspicions." *Commonwealth v. Busch*, 713 A.2d 97, 101 (Pa. Super. 1998).

Here, the record amply supports the trial court's finding that Brown was not in custody for *Miranda* purposes. The interview occurred in

Brown's own home. Corporal Henneman did not show, use, or threaten to use force. He did not transfer Brown against his will. He did not restrain Brown. He was dressed in business attire rather than a police uniform. Finally, Corporal Henneman unambiguously told Brown that he was not under arrest. In light of these factors, we agree with counsel that this issue is frivolous.

Counsel's second and third issues relate to the trial court's evidentiary rulings. The admission of evidence is committed to the sound discretion of the trial court, and will be reversed only upon a showing that the trial court clearly abused its discretion. ***Commonwealth v. Northrip***, 945 A.2d 198, 203 (Pa. Super. 2008).

At trial, Brown objected to the introduction of testimony regarding a warty lesion on K.W.'s face. Wisner, a licensed physician assistant, testified that K.W. **might** have contracted the virus that causes this type of wart via skin-to-skin contact with Brown. Nevertheless, Wisner could not state with any certainty how K.W. acquired the virus. According to Brown, this evidence was irrelevant.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. The trial court did not abuse its discretion in overruling Brown's relevancy objection. The fact that a four year old had a wart on her upper lip that is transmitted by skin-to-skin contact undoubtedly has some

tendency to increase the probability that Brown forced K.W. to perform oral sex on him. This is especially true because Brown told Corporal Henneman that he had a similar wart-like growth on his penis. *See* N.T. Exh. 27 at 13. Accordingly, this issue is frivolous.

Counsel's third issue concerns the trial court's denial of Brown's motion *in limine*, wherein Brown sought to exclude DNA evidence discovered on K.W.'s pants. Laboratory analysis could not conclusively match the DNA taken from K.W.'s pants with Brown's DNA, nor could it exclude Brown as a potential match. In his motion, Brown argued that the laboratory report "offer[ed] no probative value." *Id.* at 121. Alternatively, he argued that any "probative value [was] outweighed by the [report's] prejudicial effect." *Id.*

Otherwise relevant evidence may be excluded if its probative value is outweighed by its potential for unfair prejudice. Pa.R.E. 403. The comment to Pa.R.E. 403 instructs that "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt. However, "[e]vidence will not be prohibited merely because it is harmful to the defendant." *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007) "[E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." *Commonwealth v. Owens*, 929 A.2d

1187, 1191 (Pa. Super. 2007) (citing **Commonwealth v. Broaster**, 863 A.2d 588, 592 (Pa. Super. 2004)).

Instantly, the fact that Brown's DNA profile could not be matched, nor excluded as a match, to the DNA found on K.W.'s pants, did not unfairly prejudice Brown. Nor was it so inflammatory that it diverted the jury's attention away from its duty of weighing the evidence impartially. **See** Pa.R.E. 403 cmt. As the trial court noted, the exclusion of this evidence would have caused Brown more prejudice than its admission did. Trial Court Opinion, 1/7/2015, at 11. To allow the jury to hear that seminal fluid and spermatozoa were found on a four-year-old child—without also explaining that the laboratory could not conclusively match that evidence with Brown's DNA profile—likely would have been prejudicial to the defense. We agree with counsel that the trial court did not abuse its discretion in denying Brown's motion *in limine*.

We now turn to the final issue identified by **Anders** counsel. Because Brown has waived his challenge to the sufficiency of the evidence, this issue is frivolous.

Rule 1925 is a crucial component of the appellate process, and "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those

- 13 -

issues." ***In re Estate of Daubert***, 757 A.2d 962, 963 (Pa. Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citing ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009)). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Gibbs***, 981 A.2d at 281.

In his Rule 1925(b) statement, Brown asserted only that "[t]he evidence presented at trial was not sufficient to convict [Brown] of the above-captioned charges." Brown's Concise Statement, 9/26/2014, at 2. Brown did not specify which element or elements of the relevant crimes, or even which crimes, the Commonwealth failed to prove beyond a reasonable doubt. This assertion is far too vague to warrant meaningful appellate review. ***See Garland***, *supra*. Thus, Brown's challenge to the sufficiency of the evidence is frivolous.

Brown has filed a *pro se* response to counsel's **Anders** Brief. Therein, Brown argues that counsel was ineffective for failing initially to file a direct appeal. Of course, the PCRA court already granted Brown relief on this basis when it reinstated his direct appeal rights. To the extent that Brown now asserts a novel ineffectiveness claim, his argument is premature. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) ("[C]laims of ineffective assistance of counsel are to be deferred to PCRA review; . . . such claims should not be reviewed upon direct appeal.").

Although we agree with counsel's characterization and analysis of the issues that she has identified in her **Anders** brief, our own independent review of the record has revealed a clearly meritorious issue. The trial court sentenced Brown pursuant to 42 Pa.C.S. § 9718(a)(1), a mandatory minimum sentencing provision that this Court has since declared unconstitutional. **See Wolfe**, 106 A.3d 800. Accordingly, Brown is entitled to a new sentencing hearing.[7]

Preliminarily, we note that a challenge to the legality of a sentence is non-waivable and may be raised by this Court *sua sponte*. **Commonwealth**

---

[7] Because this issue involves a question of law, and because the record before us is complete for our review, we find it unnecessary to remand for the filing of an advocate's brief. **See Commonwealth v. Hankerson**, 118 A.3d 415 (Pa. Super. 2015) (remanding **Anders** appeal for resentencing without first requiring an advocate's brief where the trial court imposed an illegal sentence); **Commonwealth v. Mitchell**, 986 A.2d 1241 (Pa. Super. 2009) (same).

***v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). We further note that issues pertaining to the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), directly implicate the legality of a sentence. ***Commonwealth v. Lawrence***, 99 A.3d 116, 122-25 (Pa. Super. 2014). With this in mind, we begin by reciting our well-settled standard of review for such questions.

> A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction. ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

***Wolfe***, 106 A.3d at 801-02.

Instantly, Brown was sentenced pursuant to 42 Pa.C.S. § 9718(a)(1), which provides as follows:

> **(a) Mandatory sentence.—**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
>> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than ten years.
>
>         \*       \*       \*
>
> **(c) Proof at sentencing.—**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to

conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718(a)(1).

In **Alleyne**, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2163. In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), we discussed the relevant portion of the **Alleyne** Court's rationale:

> **Alleyne** is an extension of the Supreme Court's line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Alleyne**, the Court overruled **Harris v. United States**, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact[-]finding which raises the minimum sentence and that which raises the maximum sentence.
>
> > It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante*, the contours of the penalty that the legislature affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.
> >
> > Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the

- 17 -

loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

*Alleyne*, [133 S.Ct.] at 2160-61 (internal quotation marks and citations omitted).

*Miller*, 102 A.3d at 994-95 (citations modified).

In light of the constitutional pronouncement in *Alleyne*, we systematically have been declaring unconstitutional Pennsylvania's mandatory minimum sentencing statutes that permit a trial court, rather than a jury, to make critical factual findings at sentencing. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712.1, which imposes a mandatory minimum sentence for possessing a firearm in close proximity to narcotics, unconstitutional); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712, pertaining to mandatory minimum sentencing provisions associated with the commission of certain crimes with a firearm, unconstitutional); *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014) (applying *Alleyne* and recognizing that the mandatory minimum sentences associated with the weight of narcotics possessed by a drug dealer pursuant to 18 Pa.C.S. § 7508 are unconstitutional).

In **Wolfe**, *supra*, we considered the constitutionality of section 9718, the statute at issue in the case *sub judice*. There, the appellant was sentenced to a mandatory minimum sentence of ten to twenty years pursuant to 42 Pa.C.S. § 9718(a)(1), following his conviction for involuntary deviate sexual intercourse with a person less than sixteen years-old. **Id.** at 802. Citing **Alleyne**, **Newman**, and **Valentine**, we held that section 9718 was facially unconstitutional because the elements of the "proof at sentencing" provision required a trial judge, rather than a jury, to make factual findings by a preponderance of the evidence, and not beyond a reasonable doubt. **Wolfe**, 106 A.3d at 805. Because the trial court sentenced Brown pursuant to the same "proof at sentencing" provision as in **Wolfe**, its application herein similarly was unconstitutional.[8]

_____

[8] Although the additional fact that triggered Brown's mandatory sentence (*i.e.,* the victim's age being less than sixteen at the time of the offense) is also contained as an element of the offense for which he was convicted, Brown's sentence was nonetheless illegal. **See Wolfe**, 106 A.3d at 806 ("[A]lthough the jury was required to find that the victim was less than 16 years of age in order to convict Appellant, . . . mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety."). **Wolfe** makes clear that the "proof at sentencing" provision contained in 42 Pa.C.S. § 9718 is not severable from the section's other provisions, and the entire statute is facially void. **Id.**; **see also Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015) (holding that the "proof at sentencing" provision contained in 18 Pa.C.S. § 6317 (relating to drug crimes committed in school zones) could not be severed without usurping the role of the legislature).

Having found one non-frivolous issue in Brown's appeal, we deny counsel's petition to withdraw. Furthermore, because we clearly are constrained by *Wolfe* to conclude that the trial court sentenced Brown pursuant to an unconstitutional mandatory minimum statute, we vacate Brown's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Petition to withdraw as counsel denied. Jurisdiction relinquished.

Judge Panella joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015